(62 South. 349.)

No. 19,508.

PARSONS v. TREMONT LUMBER CO.

(May 26, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 1012*) — REVIEW — QUESTIONS OF FACT.

In an action for damages for personal injuries, the judgment below on issues of fact will be affirmed when not clearly against the preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by Ellis Parsons against the Tremont Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Julius T. Long, of Winnfield, for appellant. Barksdale & Barksdale, of Ruston, and Stubbs, Russell & Theus, of Monroe, for appellee.

LAND, J. This is a suit for damages for personal injuries sustained by the plaintiff while working for the defendant as one of the crew of a skidder operated on a tram logging road. The plaintiff while performing the duties of log decker, at or near the skidder, was struck by a pair of large and heavy tongs, which had slipped from the end of a log, which was being hauled to the tramway by means of a cable attached to a drum on the skidder. These tongs swung in and struck plaintiff, fracturing the leg bone a few inches below the right hip and inflicting on him other bodily injuries.

Plaintiff in his petition alleged that the defendant was negligent and careless in using tongs with needle points instead of tongs with chisel points and in not maintaining the drum and engine in good average working order. According to the allegations of the petition, the defective tongs slipped from the log, and the defective drum prevented the operator from taking up the slack of the cable fast enough to prevent the tongs from flying over and across the tramway and striking the petitioner. Plaintiff also alleged negligence in the employment of an incompetent foreman, and lastly negligence in the employment of an ignorant and careless surgeon, not competent to reset and bandage broken bones.

Defendant for answer pleaded the general issue, the assumption of risks, and negligence on the part of the plaintiff.

The case was tried before the judge, and judgment was rendered in favor of the defendant. A motion for a new trial was refused by a judge ad hoc, appointed in the place of another judge recently elected, who recused himself. The plaintiff has appealed.

There is much conflict in the testimony as to the particular kind of tongs which were used at the time plaintiff was injured. Some witnesses say that they were needle pointed. Other witnesses say that they were chisel pointed.

A blacksmith, witness for the plaintiff, who formerly had charge of the tongs, testified that on or about September 15, 1909, there were only two needle pointed tongs on hand. Another blacksmith, who took charge of the tongs a month or so later, testified that all the tongs he had made or repaired were chisel pointed, and that he had never seen any needle pointed tongs in his shop. The woods foreman and the skidder foreman testified that there were no tongs of the latter kind in use at the time of the accident. While a number of witnesses testify to the contrary, we are not prepared to reverse the judgment below on this issue of fact. The

only difference between the two kinds of tongs was that the needle pointed pulled out more readily than the chisel pointed. The witnesses concur that all kinds of tongs will occasionally pull out of logs. Where there is an impediment to the forward motion of a log, the tongs are bound to pull out, if the cable holds. In the instant case the weight of the testimony is to the effect that the tongs pulled out twice, first when the log slid into a small drain, and second when it struck a stump about 30 or 40 feet ·from the skidder. When the tongs pulled out at the drain, the cable dragged on the ground, and the drum puller had time to apply the brakes. But, when the tongs pulled out the second time, they were jerked from the ground and commenced swinging in toward the boom on which the cable was operating at an angle of about 45 degrees. The boom was more than 30 feet in height. In this emergency the drum puller opened wide the throttle of his engine and made a strenuous attempt to raise the tongs to the head of the boom. He, however, failed to do so, and the tongs swung inward sufficiently low to strike the plaintiff. The petition alleges that the drum puller "used every effort in his power and means" to prevent the injury to the plaintiff. The evidence does not show that the machinery connected with the drum was defective, as alleged in the petition. A slight tightness of throttle or brakes amounts to nothing in the practical operation of such a machine. The skidder was of a standard make and comparatively new. The drum operated efficiently before and after the accident.

The burden of proof rested on plaintiff to prove that the defendant was negligent in not furnishing suitable tongs and machinery. That the foreman was incompetent is not shown by the evidence. The four drums on the skidder were operated in the usual manner.

Plaintiff was attended by a surgeon called in by his father, who was assisted by the surgeon of the company. There is no evidence of incompetency or malpractice on the part of the latter, as alleged in the petition.

The case is a hard one on the plaintiff, but at the same time the defendant cannot be mulcted in damages in the absence of sufficient proof of negligence on its part. The judgment does not appear to be against the weight of the evidence.

Judgment affirmed.